**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN RATCLIFF, | ) | CASE NO. 2:18-cv-00745 |
| | ) | |
| Plaintiff, | ) | JUDGE ALGENON MARBLEY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KIMBERLY |
| | ) | JOLSON |
| MOUNT CARMEL HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MOUNT CARMEL HEALTH SYSTEM'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Mount Carmel Health System ("Defendant") hereby submits its Answer and Defenses to Plaintiff Brian Ratcliff's ("Plaintiff") Complaint, averring, admitting and denying as follows:

Factual Allegations

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the allegations.

2. Defendant avers that Mount Carmel Health System is an Ohio non-profit corporation with an office located at 6001 East Broad Street, Columbus, Franklin County, Ohio. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the allegations.

4. Defendant avers that Plaintiff was employed by Defendant from on or about September 11, 2017 to on or about January 4, 2018 as a Lead Credentialing Coordinator. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## FIRST CLAIM FOR RELIEF: VIOLATION OF OHIO WHISTLEBLOWER STATUTE ORC § 4113.52

5. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies the allegations.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## SECOND CLAIM FOR RELIEF: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AND OHIO COMMON LAW

12. Defendant restates the denials, admissions and averments set forth in the preceding paragraphs.

13. Defendant avers that Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the unnumbered paragraph following Paragraph 17 of the Complaint.

19. Defendant denies each and every allegation in the Complaint not specifically admitted herein to be true.

20. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## FIRST DEFENSE

21. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

22. Defendant had a good faith, reasonable belief that its actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRD DEFENSE

23. Plaintiff failed to mitigate his damages, if any.

## FOURTH DEFENSE

24. Plaintiff's Complaint fails to state a claim for which compensatory and/or punitive damages may be granted.

## FIFTH DEFENSE

25. Plaintiff's Complaint fails to state a clear public policy violated by Defendant.

## SIXTH DEFENSE

26. Plaintiff's claims fail because his termination did not jeopardize any public policy.

## SEVENTH DEFENSE

27. Plaintiff's claims fail because he cannot establish causation since his discharge was not motivated by conduct related to his alleged public policy.

**EIGHTH DEFENSE**

28. Plaintiff's claims fail because Defendant had an overriding legitimate business justification for terminating Plaintiff.

**NINTH DEFENSE**

29. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the Ohio Whistleblower Act by not reporting the alleged wrong doing either orally or in writing to Defendant.

**TENTH DEFENSE**

30. Defendant reserves the right to add additional affirmative defenses that come to light during discovery.

WHEREFORE, Defendant, having responded to the allegations in Plaintiff's Complaint, hereby demands judgment in its favor, that this case be dismissed with prejudice and that Defendant recover its attorneys' fees and costs herein expended and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ M.J. Asensio
M. J. Asensio (0030777), Trial Attorney
Samuel E. Endicott (0094026)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-1541
masensio@bakerlaw.com
sendicott@bakerlaw.com
*Attorneys for Defendant*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2018, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel.

I hereby certify that on August 2, 2018, a copy of the foregoing was served via U.S. mail postage prepaid on the following:

> Rayl L. Stepter (0047505)
> Stepter Law Office
> 5650 Blazer Parkway
> Dublin, Ohio 43017
> *Attorney for Plaintiff*

/s/ M.J. Asensio
*Attorney for Defendant Mount Carmel Health System*