**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRIAN RATCLIFF,**

      **Plaintiff,**

  **v.**　　　　　　　　　　　　　　　　**Civil Action 2:18-cv-745
　　　　　　　　　　　　　　　　　　Judge Algenon L. Marbley
　　　　　　　　　　　　　　　　　　Magistrate Judge Jolson**

**MOUNT CARMEL HEALTH SYSTEM,**

      **Defendant.**

## STIPULATED PROTECTIVE ORDER

Plaintiff Brian Ratcliff ("Plaintiff") and Defendant Mount Carmel Health System ("Defendant") by the stipulation of their respective undersigned counsel, have agreed to the entry of a protective order and to the terms thereof:

**IT IS THEREFORE ORDERED** that:

    1.    For the purpose of this Order, "Confidential Information" shall mean any document or other information produced by either Plaintiff or Defendant that is marked "Confidential" and is reasonably and in good faith considered to include patient, and/or employee information and/or personnel, medical, and/or financial records related to any individual, or proprietary or trade secret information with respect to Defendant.

    2.    In the event that either party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37 of the Federal Rules of Civil Procedure and, absent a resolution, the challenging party may thereafter seek resolution from the Magistrate Judge.  If either party disputes the other party's designation of a document as confidential, that the burden of proof resides with the party asserting confidentiality to prove that it deserves such

treatment. That when documents cease to be secret and confidential that there are no longer any requirements to preserve their confidentiality. That no documents that are publicly available can be stamped as confidential, such as documents filed with government agencies but available under the Freedom of Information Act or similar laws, annual reports of public corporations, and other similar information.

    3.    Confidential Information shall not be disclosed by any recipient to any person other than:

    (a)    The parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs. The parties agree to limit disclosure of Confidential Information and the information contained therein to those staff persons necessary to prosecute or defend this action;

    (b)    Experts or consultants retained by counsel for the preparation or trial of this action;

    (c)    Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify at deposition or trial, or to question the witness at deposition or trial;

    (d)    The District Court Judge and his staff;

    (e)    The Magistrate Judge and her staff;

    (f)    Any third party who is engaged for the purpose of copying, organizing, converting, storing, or retrieving documents potentially subject to this Protective Order (*i.e.*, a copy service); and

    (g)    Any videographers and court reporters.

4. No Confidential Information shall be used by any recipient for any purpose whatsoever other than for the preparation and trial of this action and any appellate proceedings relating thereto.

5. No person or entity bound by this Order shall disclose any Confidential Information or discuss its contents except for the purposes stated herein, unless required to do so by law or compulsory legal process. If a party believes that disclosure of the other party's Confidential Information is required by law or public policy, that party shall challenge the confidentiality designation pursuant to the procedures set forth in Paragraph 2 of this Order. If a party receives a subpoena or other compulsory legal process to which the other party's Confidential Information is responsive, that party shall notify the party who owns the Confidential Information sufficiently in advance of the date upon which the disclosure is required to be made so that the party may seek Court intervention preventing the disclosure. Nothing in this Order shall be construed as requiring either party or its counsel to violate any law regarding disclosure of information.

6. Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

7. Nothing contained herein shall affect the rights of either Plaintiff or Defendant with respect to his or their own documents or information.

8. Upon conclusion of the case (including the exhaustion of all appeals) and upon written request by an opposing party, each party shall return to an opposing party all originals and all copies of any Confidential Information obtained during the case, or shall

certify that they have been destroyed with the exception that no pleading files, depositions, correspondence files, or other similar attorney work product and attorney-client privilege files and documents need be dismantled in order to return confidential information and documents at the conclusion of the case. In lieu of returning said Confidential Information, counsel certifies, through his/her signature on this Order, that all reasonably precautions will be taken to ensure against disclosure of the Confidential Information after the termination of this action (including appeals).

9. No pleadings may be filed under seal without leave of Court.

10. This Order is subject to modification by the Court upon application of either party.

IT IS SO ORDERED

Date:  December 6, 2018   /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

Agreed:

/s/ Rayl L. Stepter (permission to file given)
Rayl L. Stepter (0047505)
  Attorney
5650 Blazer Parkway
Dublin, Ohio 43017
  Telephone: (614) 468-4100
Facsimile: (614) 468-4101
raylstepter@stepterlaw.com
*Attorneys for Plaintiff*

/s/ Samuel E. Endicott
M. J. Asensio (0030777), Trial

Samuel E. Endicott (0094026)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-1541
masensio@bakerlaw.com
sendicott@bakerlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2018, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties, who are registered with the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  */s/ Samuel E. Endicott*
                                  *An Attorney for Defendant*
                                  *Mount Carmel Health System*